Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> JOHN DOE, ) <br> ) <br>         Defendant. ) <br> _____) | **Case No. 2:12-cv-01660-JAM-CKD** <br><br><br> **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and all the papers filed in connection with the motion, and relevant case law. Accordingly, it is hereby

ORDERED that Plaintiff's *Ex Parte* Application for Leave to Take Discovery is GRANTED; it is further

ORDERED that Plaintiff may immediately serve Rule 45 subpoena(s) to identify John Doe associated with Internet Protocol ("IP") address listed in the Complaint, which are limited to the following categories of entities and information:

From Internet Service Provider (ISP) identified in Plaintiff's *Ex Parte* Application for

Leave to Take Expedited Discovery and any other entity identified as a provider of

1   Internet services to John Doe in response to a subpoena or as a result of ongoing
2   BitTorrent activity monitoring: information sufficient to identify John Doe associated
3   with IP address listed in the Complaint, including name, current (and permanent)
4   address, telephone number, e-mail address, and Media Access Control address; it is
5   further

6   ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may
7   be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its
8   Complaint; it is further

9   ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary,
10  with respect to the issue of payment for the information requested in the subpoena or for resolution
11  of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the
12  same individual, other IP addresses that do not provide the name and other information requested of
13  a unique individual, or for the entity's internal costs to notify its customers; it is further

14  ORDERED that any entity which receives a subpoena and elects to charge for the costs of
15  production shall provide a billing summary and any cost reports that serve as a basis for such
16  billing summary and any costs claimed by such entity; it is further

17  ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued
18  pursuant to this Order; it is further

19  ORDERED that the ISP, in turn, shall serve a copy of the subpoena and a copy of this order
20  upon its relevant subscriber within 30 days from the date of service upon it.  The ISP may serve the
21  subscriber using any reasonable means, including written notice sent to the subscriber's last known
22  address, transmitted either by first-class mail or via overnight service, or by e-mail notice; the
23  subscriber and the ISP shall each have 30 days from the respective dates of service upon them to file
24  any motions contesting the subpoena (including a motion to quash or modify the subpoena).  If that
25  period elapses without the filing of a contesting motion, the ISP shall have ten (10) days thereafter to
26  produce the information responsive to the subpoena to plaintiff;
27  /////
28

2

[PROPOSED] ORDER GRANTING APPLICATION FOR EXPEDITED DISCOVERY    No. 2:12-cv-01660-JAM-CKD

Finally, it is ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

Dated: July 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE